# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| IVY CLARK,<br><br>        Plaintiff,<br><br>v.<br><br>LOW COUNTRY SITEWORK, LLC,<br><br>        Defendant. | Civil Action No.:  2:26-cv-00294-BHH<br><br><br>**COMPLAINT** |

Plaintiff Ivy Clark, by and through her undersigned attorneys, alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff Ivy Clark ("Plaintiff") was injured in a motor vehicle collision that is the subject of this action (the "Crash"). At all relevant times, Plaintiff was a resident and citizen of the State of Tennessee.

2.      Defendant Low Country Sitework, LLC ("Defendant") is a South Carolina limited liability company with its headquarters and principal place of business in Charleston, South Carolina. Upon information and belief, all members of Defendant are citizens of the State of South Carolina.

3.      Venue is proper in the Charleston Division because the collision giving rise to this action occurred in North Charleston, South Carolina.

4.      This Court has personal jurisdiction over Defendant because Defendant was doing business in South Carolina through its agents and employees at the time the cause of action arose, and the claims asserted arise out of Defendant's contacts with South Carolina.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

6.      At all relevant times, Defendant's employee and/or agent (the "Backhoe Operator") was acting within the course and scope of his employment with Defendant.

7.      On August 19, 2025, Defendant was performing road construction work on North Hobson Avenue in North Charleston, South Carolina.

8.      Defendant's Backhoe Operator was operating a backhoe adjacent to North Hobson Avenue. The backhoe consisted of a tractor, boom, dipper, and bucket.

9.      At the same time, Plaintiff was lawfully operating her vehicle in an inside lane of North Hobson Avenue and approaching the area where Defendant's backhoe was operating.

10.      As Plaintiff passed through the area, Defendant's Backhoe Operator extended the backhoe boom across both lanes of travel and into Plaintiff's lane.

11.      The extension of the backhoe boom into the roadway resulted in a collision between Plaintiff's vehicle and the boom.

12.      As a direct and proximate result of the collision, Plaintiff suffered bodily injury, pain and suffering, emotional distress, and property damage.

## COUNT I
### Negligence Per Se
*(Violation of South Carolina Motor Vehicle Statutes)*

13.      Plaintiff incorporates by reference the preceding paragraphs.

14.      At all relevant times, Defendant, through its employee and agent, was operating construction equipment on or immediately adjacent to a public roadway.

15. South Carolina law imposes statutory duties on operators of vehicles and special mobile equipment traveling upon or affecting public roadways, including duties set forth in:

a. S.C. Code Ann. § 56-5-2150(A);

b. S.C. Code Ann. § 56-5-1900(a); and

c. S.C. Code Ann. § 56-5-2110.

16. Defendant violated these statutes by extending the backhoe boom into active lanes of travel without first ascertaining that such movement could be made with reasonable safety.

17. Defendant failed to provide warning or traffic-control measures to alert approaching motorists.

18. The statutes cited above were enacted to protect motorists such as Plaintiff.

19. Defendant's statutory violations constitute negligence per se and were a direct and proximate cause of Plaintiff's injuries and damages.

20. Defendant's conduct was willful, wanton, and reckless and supports an award of punitive damages.

## COUNT II
### Negligence and Gross Negligence

21. Plaintiff incorporates by reference the preceding paragraphs.

22. Defendant owed Plaintiff a duty to operate construction equipment in a reasonably safe manner, to maintain a proper lookout, and to avoid creating hazards in active lanes of traffic.

23. Defendant breached these duties by, among other acts and omissions:

a. Extending the backhoe boom into active lanes of travel;

b. Failing to maintain situational awareness of oncoming traffic;

c. Failing to implement traffic-control safety measures; and

d. Failing to exercise reasonable care under the circumstances.

24.    Defendant's acts and omissions constitute negligence and gross negligence.

25.    Defendant's conduct created a foreseeable risk of serious bodily injury to motorists lawfully using the roadway.

26.    As a direct and proximate result, Plaintiff suffered damages including medical expenses, lost income, property damage, pain and suffering, emotional distress, and loss of enjoyment of life.

27.    Defendant's conduct was willful, wanton, and reckless and supports an award of punitive damages.

## COUNT III
## Vicarious Liability

28.    Plaintiff incorporates by reference the preceding paragraphs.

29.    At all relevant times, Defendant's Backhoe Operator was acting within the course and scope of his employment.

30.    Defendant is vicariously liable for the acts and omissions of its employee alleged herein.

## COUNT IV
## Negligent Hiring, Training, Supervision, and Retention

31.    Plaintiff incorporates by reference the preceding paragraphs.

32.    Defendant owed a duty to exercise reasonable care in the hiring, training, supervision, and retention of employees entrusted with operating heavy construction equipment near public roadways.

33.    Defendant breached this duty by failing to ensure that its employee was adequately trained and supervised to perform roadway work safely.

34.    Defendant knew or should have known of the need for appropriate training, supervision, and safety protocols when operating heavy equipment in proximity to active traffic.

35.    Defendant's negligence was a direct and proximate cause of Plaintiff's injuries and damages and supports an award of compensatory and punitive damages.

**WHEREFORE,** Plaintiff seeks judgment against Defendant for actual and compensatory damages, punitive damages, taxable costs, interest, and such other relief as the Court deems just and proper.

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
SC Bar No.: 106477
M. COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:    (843) 947-6113
jbiggart@forthepeople.com
swright@forthepeople.com
Attorneys for the Plaintiff

January 28, 2026
Charleston, South Carolina