**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IVY CLARK, | Civil Action No.: 2:26-cv-00294-BHH |
| Plaintiff, | |
| v. | **DEFENDANT LOW COUNTRY SITEWORK, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| LOW COUNTRY SITEWORK, LLC, | |
| Defendant. | **(Jury trial demanded)** |

Defendant Low Country Sitework, LLC (hereinafter "Defendant"), answering the Complaint of the Plaintiff herein, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE**

1.     Defendant denies each and every allegation of the Complaint not hereinafter specifically and unconditionally admitted.

2.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

3.     Defendant admits only so much of the allegations of Paragraph 2 of the Complaint as alleges that Defendant is a South Carolina limited liability company and all members of Defendant are citizens of the State of South Carolina. Defendant denies the remaining allegations of Paragraph 2 and demands strict proof thereof.

4.     Answering the allegations of Paragraph 3 of the Complaint, Defendant admits that the collision occurred in North Charleston, South Carolina. The remaining allegations of Paragraph 3 state a legal conclusion regarding venue to which no response is required.

5.     Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest that this Court has personal jurisdiction over it and denies the remaining allegations of said paragraph.

6.     Paragraph 5 of the Complaint states legal conclusions regarding subject matter jurisdiction to which no response is required. To the extent a response is required, Defendant admits that complete diversity of citizenship exists between the parties.

7.      Defendant admits the allegations of Paragraphs 6 and 7 of the Complaint.

8.      Answering the allegations of Paragraphs 8 through 11 of the Complaint, Defendant admits that Plaintiff's vehicle made contact with the backhoe at or about the time and place complained of. Defendant denies the remaining allegations of said Paragraphs and demands strict proof thereof.

9.      Defendant denies the allegations of Paragraph 12 of the Complaint and demands strict proof thereof.

10.      Answering the allegations of Paragraph 13 of the Complaint, Defendant reaffirms and realleges each of its foregoing responses as if fully set forth herein verbatim.

11.      Answering the allegations of Paragraph 14 of the Complaint, Defendant admits only that its equipment was being operated adjacent to North Hobson Avenue. Defendant denies the remaining allegations of said Paragraph.

12.      Paragraph 15 of the Complaint, including subparagraphs (a) through (c), states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

13.      Defendant denies the allegations of Paragraphs 16 and 17 of the Complaint and demands strict proof thereof.

14.      Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

15.      Defendant denies the allegations of Paragraphs 19 and 20 of the Complaint and demands strict proof thereof.

16.      Answering the allegations of Paragraph 21 of the Complaint, Defendant reaffirms and realleges each of its foregoing responses as if fully set forth herein verbatim.

17.      Paragraph 22 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

18.      Defendant denies the allegations of Paragraphs 23 through 25 of the Complaint and demands strict proof thereof.

19.     Defendant is without sufficient information to form a belief as to the allegations of Paragraph 26 of the Complaint and therefore denies the same and demands strict proof thereof.

20.     Defendant denies the allegations of Paragraph 27 of the Complaint and demands strict proof thereof.

21.     Answering the allegations of Paragraph 28 of the Complaint, Defendant reaffirms and realleges each of its foregoing responses as if fully set forth herein verbatim.

22.     Defendant admits the allegations of Paragraph 29 of the Complaint.

23.     Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

24.     Answering the allegations of Paragraph 31 of the Complaint, Defendant reaffirms and realleges each of its foregoing responses as if fully set forth herein verbatim.

25.     Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

26.     Defendant denies the allegations of Paragraphs 33 through 35 of the Complaint and demands strict proof thereof.

27.     Defendant denies the allegations contained in the "WHEREFORE" paragraph of Plaintiff's Complaint, including all subparts thereto, and denies that Plaintiff is entitled to any relief whatsoever.

## FOR A SECOND DEFENSE
(Failure to State a Claim)

28.     FURTHER ANSWERING, Plaintiff has failed to state facts sufficient to constitute a cause of action against Defendant pursuant to Rule 12(b)(6), F.R.C.P., and Plaintiff's claims against Defendant should be dismissed.

## FOR A THIRD DEFENSE
(Inapplicability of Negligence Per Se)

29.     FURTHER ANSWERING, Defendant alleges that the statutes cited in the Complaint do not apply to the conduct or equipment at issue, do not impose the duties alleged, were not enacted to protect against the type of harm alleged, and do not create a private cause of

action for negligence per se under South Carolina law. Plaintiff's negligence per se claim therefore fails as a matter of law.

## FOR A FOURTH DEFENSE
(Comparative Negligence)

30.     FURTHER ANSWERING, Defendant alleges that Plaintiff's damages, if any, were the direct and proximate result of Plaintiff's own comparative and contributory negligence, including but not limited to a failure to keep a proper lookout, a failure to maintain proper control of her vehicle, and a failure to exercise reasonable care under the circumstances. Plaintiff's recovery should therefore be barred or, alternatively, reduced in proportion to Plaintiff's comparative negligence.

## FOR A FIFTH DEFENSE
(Fault of Third Parties and Non-Parties)

31.     FURTHER ANSWERING, Defendant alleges that any injury or damage sustained by Plaintiff was due to and caused by the negligence, gross negligence, willfulness, wantonness, or carelessness of some third party or non-party over whom Defendant had or has no authority or control. Therefore, Defendant is not liable to Plaintiff in any amount.

## FOR A SIXTH DEFENSE
(Apportionment and Setoff)

32.     FURTHER ANSWERING, Defendant expressly reserves and asserts all rights and remedies available under S.C. Code Ann. § 15-38-15, including but not limited to any right to apportionment, setoff, or reduction of any verdict or judgment based upon the fault or settlement of any other person or entity.

## FOR A SEVENTH DEFENSE
(Proximate Cause)

33.     FURTHER ANSWERING, Defendant alleges that Plaintiff's alleged injuries and damages, if any, were not proximately caused by the subject collision or by any act or omission of Defendant, but were instead caused in whole or in part by preexisting conditions, degenerative changes, prior or subsequent injuries or events, and/or other causes unrelated to the subject collision. Plaintiff is therefore barred from recovering, or alternatively may recover only those damages, if any, proven to have been directly and proximately caused by the subject collision.

## FOR AN EIGHTH DEFENSE
(Sudden Emergency)

34.    FURTHER ANSWERING, to the extent the evidence establishes that Defendant's employee was confronted with a sudden emergency not of his own making, Defendant alleges that its employee acted as a reasonably prudent person would have acted under the same or similar circumstances.

## FOR A NINTH DEFENSE
(Failure to Mitigate Damages)

35.    FURTHER ANSWERING, Defendant alleges that Plaintiff has failed to mitigate her alleged damages, if any, and that any recovery must therefore be barred or reduced accordingly.

## FOR A TENTH DEFENSE
(Punitive Damages)

36.    FURTHER ANSWERING, Defendant alleges and says that the imposition of punitive damages on the basis of the incident giving rise to this lawsuit would represent the deprivation of liberty and property without due process of law, the imposition of cruel and unusual punishment and excessive fines, and the denial of the equal protection of the laws in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the comparable provisions of the Constitution of the State of South Carolina.

## FOR AN ELEVENTH DEFENSE
(Statutory Cap on Punitive Damages)

37.    FURTHER ANSWERING, Defendant pleads all rights and limitations pursuant to S.C. Code Ann. § 15-32-530, including but not limited to any and all limitations and caps on any award of punitive damages.

## FOR A TWELFTH DEFENSE
(Reservation of Additional Defenses)

38.    FURTHER ANSWERING, Defendant pleads all applicable affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure and reserves the right to assert such additional defenses as may become known through discovery or otherwise during the course of this litigation.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant prays that the same be dismissed with costs and for such other and further relief as this Court may deem to be just and proper.

Respectfully submitted,

s/ Eric R. Tonnsen

Eric R. Tonnsen, Federal Bar #09898
Graham Horsman, Federal Bar #14522
TONNSEN BACH, LLC
880 Island Park Drive, Suite 410
Charleston, South Carolina 29492
Phone: (864) 236-5013
Fax: (864) 312-4191
*etonnsen@tonnsenbach.com*
*ghorsman@tonnsenbach.com*

Attorneys for Defendant

August 4, 2026

Charleston, South Carolina